IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| TYRONE SMITH, § | |
| No. 72431, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00011-M-BP |
| § | |
| WICHITA COUNTY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the record in the above-captioned case. After considering it and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn *sua sponte* **DISMISS** this case **with prejudice**.

**I.     BACKGROUND**

Tyrone Smith is an inmate confined in the Wichita County Law Enforcement Center ("LEC"). ECF No. 7 at 7. On January 5, 2022, he "turned in a letter to be mailed out to a[n] elected official." ECF No. 1 at 4. The next day, "when the mail officer received [his] letter[,] it was torn open." *Id.* Apparently, his letter "had been opened by one of the detention officers at the [LEC]." ECF No. 7 at 1. Smith can "deduct [sic] that [his] letter went missing for 24 hours before" it reached the mail officer. ECF No. 1 at 4.

In February 2022, Smith filed this prisoner's civil rights complaint under 42 U.S.C. § 1983. *See* ECF No. 1. He later submitted answers to a Court-issued questionnaire that sought more facts about his complaint. *See* ECF Nos. 6-7. Smith wants to sue the detention officer who intercepted and opened his letter for violating his civil rights. ECF No. 7 at 2. For now, Smith names Wichita

County as the defendant because the County "will not give [him] the name of the officer that did this." *Id.* at 3.

Smith "want[s] to be compensated for the stress that this ordeal is causing" him, including "emotional and mental pain and anguish" and the "physical damage that excessive stress causes on the body." ECF No. 1 at 4; ECF No. 7 at 5. He is *pro se* and proceeds *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 5.

## II.  LEGAL STANDARDS

Because Smith proceeds *in forma pauperis*, the Court must *sua sponte* dismiss his complaint if it is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted if it does not allege enough facts "to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A *pro se* prisoner's complaint "must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating *pro se* documents should be liberally construed). The Court must "look beyond" a prisoner's "formal complaint and [] consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Those materials include any responses to a court-issued questionnaire, which "is a useful means by which the court can develop the factual basis for the prisoner's complaint." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976); *see also Eason v. Holt*, 73 F.3d 600, 602 & n.14 (5th Cir. 1996) (explaining that questionnaire responses supplement the inmate's complaint).

### III. ANALYSIS

Title 42 U.S.C. § 1983 creates a remedy against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." A plaintiff "must first show a violation of the Constitution" and "then show that the violation was committed by someone acting under color of state law." *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (2005)). Upon further review, the undersigned finds the claim at issue here is frivolous and not cognizable. *See* 28 U.S.C. § 1915(e)(2)(B).

#### A. Smith does not allege a constitutional violation.

By itself, "the opening of inmate mail does not state a cognizable constitutional claim." *Henderson v. Johnson*, 201 F. App'x 284, 286 (5th Cir. 2006). A cognizable claim arises only if the alleged mail tampering deprives the inmate of a constitutional right. *See Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993) ("A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Additionally, such interference may violate the prisoner's First Amendment right to free speech—i.e., the right to be free from unjustified governmental interference with communication.").

Smith describes his letter as "legal mail." ECF No. 7 at 1. The letter, which he addressed to an elected official (*see id.*), apparently does not implicate Smith's right of access to the courts. *See Brewer*, 3 F.3d at 820. Even if it did, there is no indication Smith's court access was obstructed, as he has filed and prosecuted this lawsuit unimpeded. *See Every v. Jindal*, 413 F. App'x 725, 727 (5th Cir. 2011) ("To state a claim that interference with mail denied him access to court, a prisoner

3

must show an actual injury by establishing that he was prevented from raising a nonfrivolous claim concerning his conviction or the conditions of his confinement.").

Liberally construed, Smith's questionnaire answers allege possible obstruction (and retaliation) occurred after he filed a grievance complaining of the alleged mail tampering. *See* ECF No. 7 at 2; *see also Butts v. Martin*, 877 F.3d 571, 589 (5th Cir. 2017) ("Retaliation claims are actionable under § 1983."). Smith explains now his "other grievances [are] being turned away for frivolous reasons," his "court motions [are] not getting returned," and he has "reason to believe that mail to [his] lawyer is being stopped." ECF No. 7 at 2. But he does not specify which grievances or motions, and he indicates the latter allegation is just "speculation at the moment." *Id.* Smith must do more than speculate to proceed here. *See Bell Atl. Corp.*, 550 U.S. at 555. In any event, Smith does not seek relief for these post-grievance allegations, which are tangential to the January 2022 alleged mail tampering. *See* ECF Nos. 1, 7.

The tampering could be actionable under the First Amendment. *See Brewer*, 3 F.3d at 820. But there is no indication of a First Amendment deprivation here. At worst, Smith's letter went missing for twenty-four hours and was opened by a detention officer before mailing. *See* ECF No. 1 at 4; ECF No. 7 at 1. Smith does not allege the letter's contents were permanently lost, stolen, or destroyed, or that the letter failed to reach its destination. *See* ECF Nos. 1, 7. In fact, he indicates receiving the opportunity to re-seal and re-submit the letter, which he apparently did without further issue. *See* ECF No. 7 at 1-2.

There could be a "legitimate penological interest" underlying the alleged letter opening here. *Brewer*, 3 F.3d at 824. And Smith must do more than merely allege his mail was opened during a twenty-four-hour period to state a violation of his constitutional or other civil rights. *See*

4

*Henderson*, 201 F. App'x at 286. Because he does not, the Court should dismiss Smith's mail-tampering claim as either frivolous or not cognizable under 28 U.S.C. § 1915(e)(2)(B).

    **B.**    **The Prison Litigation Reform Act ("PLRA") also bars Smith from recovering compensatory damages.**

Under the PLRA, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (analyzing First Amendment claim).

Smith exclusively requests compensatory damages for the alleged mail tampering. ECF No. 1 at 4; ECF No. 7 at 5. His alleged injury is "stress," including "emotional and mental pain and anguish," and "the physical damage that excessive stress causes on the body." ECF No. 1 at 4; ECF No. 7 at 5. But alone, stress-related injuries are not physical injuries under the PLRA. *See, e.g.*, *Saddler v. Tex. Dep't of Crim. Just.*, No. 2:09-cv-0103, 2012 WL 2133673, at *2 (N.D. Tex. May 17, 2012) ("The monetary relief sought by plaintiff for mental pain and stress is not supported by an allegation of physical injury and is clearly barred by section 1997e(e)."), *rec. adopted*, 2012 WL 2149740 (N.D. Tex. June 13, 2012); *Williams v. McNeil*, No. 2:09-cv-0133, 2009 WL 2422987, at *3 (N.D. Tex. Aug. 6, 2009) (finding no physical injury under § 1997e(e) where plaintiff alleged only "stress, psychological duress, mental and emotional anguish").

Consequently, the PLRA bars Smith from recovering the sole remedy he seeks. *See also Robinson v. Walser*, No. 5:07-ct-3039-D, 2009 WL 6669324, at *5 (E.D.N.C. Jan. 21, 2009) (citing 42 U.S.C. § 1997e(e)) ("Plaintiff has failed to allege any facts showing that he suffered physical injuries in connection with the alleged detention of his legal mail. Mental and emotional

5

injuries are not sufficient to state a claim under section 1983."), *aff'd*, 328 F. App'x 221 (4th Cir. 2009). Although the Court could liberally construe Smith's pleadings as requesting relief the PLRA does not bar, *see Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007) (nominal or punitive damages); *Harper v. Showers*, 174 F.3d 716, 719 & n.7 (5th Cir. 1999) (declaratory or injunctive relief), the undersigned sees no reason to do so because Smith's pleadings do not support a cognizable claim, as discussed above.

      **C.**    **The Court should dismiss Smith's case with prejudice.**

A district court generally "errs in dismissing a *pro se* complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend." *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (applying Federal Rule of Civil Procedure 12(b)(6)). But once the *pro se* prisoner has pleaded his "best case," the Court may dismiss any of his incognizable claims with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the prisoner has filed his complaint and submitted questionnaire responses, then the Court may conclude he has pleaded his best case such that granting him further leave to amend would be futile or cause unnecessary delay. *See, e.g.*, *Witherspoon v. Waybourn*, No. 4:20-cv-1150-P, 2021 WL 2635917, at *10 (N.D. Tex. June 25, 2021); *McLean v. King*, No. 3:20-cv-1244-C-BK, 2020 WL 6049297, at *2 (N.D. Tex. Sept. 15, 2020), *rec. adopted*, 2020 WL 6048202 (N.D. Tex. Oct. 13, 2020).

Smith's filings include his Prisoner's Civil Rights Complaint (ECF No. 1) and Questionnaire Answers. ECF No. 7. The undersigned treats his Questionnaire Answers as amending his Complaint. *See Howard*, 707 F.2d at 220; *Watson*, 525 F.2d at 892. Granting Smith more opportunities to amend would be futile and result in unnecessary delay. *See Witherspoon*, 2021 WL 2635917, at *10; *McLean*, 2020 WL 6049297, at *2. Smith has pleaded his best case, which should be dismissed with prejudice. *See Jones*, 188 F.3d at 326-27.

## IV.  CONCLUSION

Because the mail tampering claim here is not actionable and is frivolous, and because the plaintiff has pleaded his best case, the undersigned **RECOMMENDS** that Chief Judge Lynn *sua sponte* **DISMISS** this case **with prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 30, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

7